# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MARCIA SHEW, as personal representative of the Estate of Martha G. Brightman,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) Case No.: 4:13-CV-420-VEH |
| v. | )<br>)<br>) |
| **JAMES LEE HILL and CUSTOM TRANSPORTATION, LLC,** | )<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is a Motion to Amend filed by the Plaintiff, Marcia Shew ("Ms. Shew"). Doc. 16. One of the Defendants, Custom Transportation, LLC ("Custom"), has filed a responsive opposition. Doc. 17. For the following reasons, Ms. Shew's Motion is **GRANTED**.

## I.   Procedural History

Ms. Shew initiated this case on February 19, 2013, in the Circuit Court of Etowah County, Alabama. Doc. 1-1. The Defendants, James Lee Hill ("Mr. Hill") and Custom, removed the case to this court on March 1, 2013. Doc. 1. Custom filed its Answer (Doc. 4) on March 6, 2013, and Mr. Hill filed his Answer (Doc. 6) on March

12, 2013.  Ms. Shew filed her original Motion to Amend on July 11, 2013. Doc. 14. The court denied that Motion without prejudice (Doc. 15) for failing to comply with Appendix III of the court's Uniform Initial Order (Doc. 8). Ms. Shew then filed the instant Motion on July 25, 2013. Doc. 16. Custom filed its responsive opposition on July 31, 2013. Doc. 17. The scheduling order deadline for Ms. Shew to amend her pleadings is November 1, 2013. Doc. 13 at 2. Her Motion is thus timely under the scheduling order. Further, this is Ms. Shew's first amendment, but she filed her Motion more than 21 days after the Defendants filed their Answers. The Motion will therefore be analyzed under Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15.

**II.    Standard of Review**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id.* A court should deny leave, however, in the presence of countervailing factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc . . ." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S.

178, 182 (1962)); *accord Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that, despite the "freely given" language of Rule 15(a), leave to amend can be denied on grounds such as undue delay, prejudice, or futility) (citation omitted); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (holding that a court may deny leave to amend if it is found that the proposed amendment is futile) (citation omitted).

### III. Discussion

#### A. Introduction

In her Motion, Ms. Shew seeks to amend her Complaint to add James R. Miles ("Mr. Miles") as a defendant. Doc. 16 at 1. According to Ms. Shew, Mr. Miles owned the truck that killed Martha Genelle Brightman, of whose estate Ms. Shew is personal representative. *Id.* ¶ 1. Ms. Shew's proposed amendment adds Mr. Miles as a defendant in this suit and alleges a cause of action against him for negligent entrustment. *Id.* She justifies her belated addition of Mr. Miles as a party by explaining that she did not learn he was the owner of the truck until Custom produced certain unspecified documents in this action. *Id.* She further contends that Mr. Miles, "as the owner of the vehicle, could be held liable for negligent entrustment if he had knowledge that the driver was not qualified or impaired as a driver." *Id.* ¶ 4.

In response, Custom argues that Mr. Miles's inclusion is "improper" because,

3

while he admittedly owned the truck,[1] he had leased it to Custom during the relevant time period. Doc. 17 ¶ 1-2. Custom produces a written lease agreement showing that:

- Mr. Miles leased the truck to it on May 1, 2007;

- The agreement terms give exclusive possession, control, and use of the truck to Custom; and

- Under the agreement, Custom assumes complete responsibility for operation and maintenance of the truck, as well as the responsibility to maintain and pay for insurance coverage as required by law.

*Id.* ¶ 3; *see also* Doc. 17-1 at 1-2. Custom adds that Mr. Hill, who Ms. Shew alleges was driving the truck in question at the time of the accident, "was hired and qualified by and for Custom" and "drove under Custom's placards and Department of Transportation ("DOT") authority at the time of the subject accident." Doc. 17 ¶ 4. Custom further argues that Ms. Shew has not shown an employment relationship between Mr. Hill and Mr. Miles. *Id.* ¶ 5. According to Custom, Mr. Hill's ownership of the truck "is insufficient to create a presumption of vicarious liability, especially in light of the terms of the aforementioned lease agreement." *Id.*

### B. Futility Standard

Although Custom does not precisely characterize it as such, its objection to Ms. Shew's amendment is essentially based on the grounds of futility. To decide whether

---

[1] Custom refers to the subject vehicle as a "tractor" throughout its response. The court will adopt Ms. Shew's preferred term – "truck" – for the purposes of resolving her Motion.

an amendment is futile, a court must determine whether, as amended, the complaint would still be subject to dismissal for failure to state a claim. *See, e.g.*, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend is justified by futility when the "complaint as amended is still subject to dismissal") (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). "When a district court denies the plaintiff leave to amend due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Food, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999) (citations omitted).

    **C.**    **Ms. Shew's Proposed Amendment Is Not Futile.**

The court does not find Ms. Shew's proposed amendment to be futile. Nothing in Alabama[2] or federal law precludes a lessor like Mr. Miles from being held liable for negligently entrusting his vehicle to an entity like Custom (or, by extension, any of its employees). Under Alabama law, the "essential ingredients" of a cause of action for negligent entrustment are: (1) an entrustment; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) proximate cause; and (5) damages. *Edwards*

---

[2]As Ms. Shew is asserting "diversity" jurisdiction in this action, *see* Doc. 16-1 ¶¶ 1-5; 28 U.S.C. § 1332, Alabama substantive law will provide the rule of decision respecting her claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) ("[A] federal court sitting in diversity will apply the choice of law rules for the state in which it sits.") (citation omitted). Neither party seemingly contests this fact. Indeed, Ms. Shew cites Alabama law in her Amended Complaint. Doc. 16-1 at 4-6.

*v. Valentine*, 926 So. 2d 315, 320 (Ala. 2005) (quoting *Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 412 (Ala. 2005)). Custom might be correct that Mr. Miles's mere ownership of the subject truck does not itself generate a presumption of vicarious liability. It might also rightly observe that Ms. Shew has not offered evidence of an employment relationship between Mr. Hill and Mr. Miles. But, Ms. Shew does not argue either of these points in support of her amendment. As noted above, she instead contends that Mr. Miles "could be held liable for negligent entrustment if he had knowledge that the driver was not qualified or impaired as a driver." Doc. 16 ¶ 4. This is a plausible contention under the relevant law. *See Edwards*, 926 So. 2d at 320 ("In Alabama, when one person drives a car belonging to another, a rebuttable *presumption of entrustment, i.e.,* that the car was being operated by the driver with the permission of the owner, *arises* when ownership is established . . .") (quotation omitted) (emphasis in original).

Custom suggests that the leasing relationship between Mr. Miles and Custom categorically prevents Mr. Miles from being liable in this action. It provides no legal authority for this (implied) assertion, and the court is unable to find any. The court is aware of the federal Graves Amendment, 49 U.S.C. § 30106, "a federal tort reform statute which purports to shield rental car companies from certain vicarious liability suits." *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1244 (11th Cir.

2008). As the Eleventh Circuit has observed, the Amendment "has two operative provisions, a preemption clause and a savings clause." *Id.* at 1246. The "preemption clause" provides as follows:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). By its own terms, then, this provision permits state law-based negligence actions in scenarios such as the instant one.[3] As with the actual arguments Custom deploys, it also does not render Ms. Shew's proposed amendment futile.

## IV. Conclusion

For the foregoing reasons, Ms. Shew's Motion to Amend her Complaint is due to be and is hereby **GRANTED**.

Due to CM/ECF requirements, Ms. Shew shall refile the proposed Amended Complaint with the Clerk's office no later than September 24, 2013.

**DONE** and **ORDERED** this the 18th day of September, 2013.

---

[3] The court does not address whether Mr. Miles "is engaged in the trade or business of renting or leasing motor vehicles." *Id.*

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge